**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

MARTIN AKERMAN,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DC-1221-22-0459-W-1

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martin Akerman</u>, Arlington, Virginia, pro se.

<u>Gonzalo Pinacho</u>, Esquire, Arlington, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction because he failed to make a nonfrivolous allegation that the agency took or threatened to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). In his petition for review, the appellant does not challenge any of these findings.[2] Petition for Review (PFR) File, Tab 1. Rather, he asserts that Congress has

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

passed laws requiring a higher degree of transparency and accountability across the Government, argues that the initial decision was "late" because he had already filed a case in district court, and requests that the Board confirm that he may continue to district court.[3]  *Id.* at 3-5.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner

---

[2] The appellant also filed a motion for leave to file an additional pleading requesting that the Board reopen the record based on new and material evidence, and initiate a new IRA appeal against the National Guard Bureau.  Petition For Review (PFR) File, Tab 12.  Specifically, the appellant asserts that findings from the Office of Personnel Management, which are connected to his pending disability retirement appeal, prove that the case should have been against the National Guard Bureau.  *Id.* at 1-2.  He further asserts that because a retirement action is appealable to the Board, he does not need to exhaust his remedies with the Office of Special Counsel (OSC).  *Id.* at 2.  The appellant has not specifically explained how this evidence is material or related to the Board's jurisdiction here, and therefore, it does not serve as a basis to grant the appellant's petition for review.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  Therefore, the appellant's motion is denied.  To the extent that the appellant wishes to file a separate IRA appeal against the National Guard Bureau, he must first exhaust his administrative remedies with OSC.  5 U.S.C. § 1214(a)(3); *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (stating that 5 U.S.C. § 1214(a)(3) requires that an appellant in an IRA appeal exhaust his administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board).

[3] The Board is unable to provide the appellant legal advice about his district court litigation.  *See* 5 U.S.C. § 1204(h) (providing that the Board is unable to provide advisory opinions).

has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review[4] and AFFIRM the initial decision, which is now the Board's final decision.[5] 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] On May 22, 2024, the appellant filed a pleading, "Motion for Recusal of Mr. Henry J. Kerner in Pending MSPB Cases relating to OSC," requesting that Mr. Kerner recuse himself from this matter and several of the appellant's other cases pending before the Board, PFR File, Tab 15; however, Mr. Kerner has not been sworn in as a member of the Board as of the date of this decision.

[5] The petitions for review filed by the appellant in MSPB Docket Nos. DC-1221-22-0257-W-1, DC-1221-22-0445-W-1, DC-0752-22-0376-I-1, and DC-3443-22-0296-I-1, have been addressed or will be addressed in separate decisions.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.